UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALTERNA MORTGAGE INCOME FUND, LLC., | : : : | Case No. 3:12-cv-252 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| GS HOLDINGS-BROOKSIDE, LTD, *et al.*, | : : | |
| Defendants. | : | |

**DECISION AND ENTRY DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ROTO-ROOTER AND GS HOLDINGS-BROOKSIDE, LTD. (DOC. 29) WITHOUT PREJUDICE TO REFILING**

This civil case is before the Court on the Motion of Plaintiff Alterna Mortgage Income Fund, LLC seeking default judgment against Defendants GS Holdings Brookside ("GS Holdings") and Roto-Rooter Service Company ("Roto-Rooter").[1]  Neither Defendant filed a response to Plaintiff's Motion and the time for doing so has expired.

This case involves a commercial loan in the alleged principal amount of $2.3 million made by Alterna Capital Funding, LLC ("Alterna Capital") to Defendants GS Holdings and Forest Lake Campground and R.V. Center, LLC ("Forest Lake") to finance the purchase of certain real estate in Springfield, Ohio ("the Property").  Alterna Capital later assigned its right, title, and interest in and to the Note, Mortgage, Financing Statements, the Security Agreement, and other Loan Documents to Plaintiff.  Plaintiff

---

[1] Plaintiff's Motion is captioned as a "Motion for Entry of Default as to Defendants Roto-Rooter, GS Holdings-Brookside, Ltd."  Plaintiff already sought an entry of default (Doc. 26), which was entered by the Clerk on October 3, 2012.  (Doc. 26).

alleges that GS Holdings and Forest Lake are in default under the Note and the other Loan Documents and that the indebtedness due and owing is $2.3 million, plus interest and fees.

In its Complaint, Plaintiff seeks the following relief: (i) judgment against GS Holdings and Forest Lake on the outstanding indebtedness that is due and owing to Alterna, together with all accruing interest and reimbursement of Plaintiff's reasonable attorney's fees, expenses and other costs; (ii) an adjudication that Plaintiff has a valid, first priority mortgage lien and security interest in, to, and against the Property and other collateral securing payment of the outstanding indebtedness, a judicial foreclosure, and sale of the Property; (iii) assignment of and immediate control and possession of the Property's rents and profits; and (iv) replevin of the Collateral.

With regard to Roto-Rooter, Plaintiff alleges that Roto-Rooter may claim or have an interest in the Property by virtue of a Certificate of Judgment in favor of Roto-Rooter. Plaintiff contends that, subject only to valid, unpaid real estate taxes and/or assessments of record against the Property, its rights in the Property are first, superior, and prior to any rights, liens, or security interests of any person or entity in and to the Property, including GS Holdings and Forest Lake, any of the Claimants, or any other individual or entity.

Plaintiff applied for an entry of default with regard to its claims against GS Holdings and Roto-Rooter (Doc. 26), which the Clerk docketed on October 19, 2012. (Doc. 29). Plaintiff now seeks default judgment against GS Holdings and Roto-Rooter. Motions for default judgment are governed by Fed. R. Civ. P. 55(b)(2), which provides that, following the clerk's entry of default, "the complaint's factual allegations regarding

liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted)).  Thus, while liability may be shown by well-pleaded allegations, the Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713 at *5 (E.D. Mich. Jun. 23, 2010).  To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010) (citations omitted).

Here, Plaintiff's Motion shows only that Defendants Roto-Rooter and GS Holdings are presently in default for failing to answer or otherwise appear in this case.  While Plaintiff, in its Complaint, prays for "a money judgment in the principal sum of $2,300,000, plus accrued and accruing interest . . . together with additional accruing attorney's fees, expenses and costs" against GS Holdings, Plaintiff submits no evidence in conjunction with its Motion, *i.e.*, affidavits, documents, an accounting, etc., showing the amount of damages with reasonable certainty.  Plaintiff also fails to set forth the specific relief it seeks against Defendant Roto-Rooter.

Accordingly, the Court **DENIES** Plaintiffs' request for default judgment (Doc. 29) **WITHOUT PREJUDICE** to refiling.  In its refiled Motion, Plaintiff shall set forth the

specific relief it seeks against the defaulting Defendants and present evidence, by way of affidavits, an accounting, or otherwise, showing the extent of its damages with reasonable certainty.  Such motion for default judgment shall be filed within 30 days from the date of this Order.

**IT IS SO ORDERED.**

Date: ___11/21/12___     _____

Timothy S. Black
United States District Judge

-4-