UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALTERNA MORTGAGE INCOME FUND, LLC, | : : : | Case No. 3:12-cv-252 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : : | |
| GS HOLDINGS-BROOKSIDE, LTD., *et al.*, | : : | |
| Defendants. | : | |

### DECISION AND ENTRY GRANTING PLAINTIFF'S
### MOTION FOR DEFAULT JUDGMENT (Doc. 43)

This civil case is before the Court on the Motion of Plaintiff Alterna Mortgage Income Fund, LLC ("Alterna") seeking default judgment against Defendants GS Holdings Brookside ("GS Holdings") and Roto-Rooter Service Company ("Roto-Rooter").[1] Neither GS Holdings nor Roto-Rooter filed a response and the time for doing so has expired.

### I. FACTS ESTABLISHED BY DEFAULT

This case involves a commercial loan made by Alterna Capital Funding, LLC ("Alterna Capital") to Defendants GS Holdings and Forest Lake Campground and RV Center, LLC ("Forest Lake") to finance the purchase of certain real estate in Springfield, Ohio ("the Property"). On May 1, 2009, GS Holdings executed a promissory note ("Note"), payable to the order of Alterna Capital in the principal sum of $2.3 million dollars, together with interest at a fixed rate of fifteen percent per annum. (Doc. 1-3). Beginning June 8,

---

[1] Plaintiff's Motion is captioned as a "Motion for Entry of Default as to Defendants Roto-Rooter, GS Holdings-Brookside, Ltd." Plaintiff already sought an entry of default (Doc. 26), which was entered by the Clerk on October 3, 2012. (Doc. 26).

2009, through April 8, 2010, GS Holdings was to pay monthly interest only payments. (*Id.*) The principal balance of the Note was due and payable May 8, 2010, *i.e.*, "the maturity date." (*Id.*) The Note provided that, in the event the principal balance and outstanding interest was not paid on the maturity date, the interest rate on outstanding sums due rose to eighteen percent per annum, *i.e.*, the "default rate." (*Id.*)

As security for GS Holdings' obligations under the Note, GS Holdings and Forest Lake executed a mortgage ("Mortgage") in favor of Alterna Capital. (Docs. 1-3, 1-4). As additional security, GS Holdings executed and assigned UCC-1 Financing Statements and other loan documents. (Doc. 1-3). On or about May 1, 2009, Alterna Capital assigned its right, title, and interest in and to the Note, Mortgage, Financing Statements, the Security Agreement, and other Loan Documents to Alterna (the "Assignment"). (Doc. 1-7). GS Holdings and Forest Lake defaulted under the Note and the other Loan Documents.

Alterna filed a Complaint for Money Judgment, Foreclosure and Other Equitable Relief on July 27, 2012 seeking the following relief: (i) judgment against GS Holdings and Forest Lake on the outstanding indebtedness that is due and owing to Alterna, together with all accruing interest and reimbursement of Plaintiff's reasonable attorney's fees, expenses and other costs; (ii) an adjudication that Plaintiff has a valid, first priority mortgage lien and security interest in, to, and against the Property and other collateral securing payment of the outstanding indebtedness, a judicial foreclosure, and sale of the Property; (iii) assignment of and immediate control and possession of the Property's rents and profits; and (iv) replevin of the Collateral.

With regard to Roto-Rooter, Alterna alleges that it may claim or have an interest in the Property by virtue of a Certificate of Judgment in its favor. Alterna contends that, subject only to valid, unpaid real estate taxes and/or assessments of record against the Property, its rights in the Property are first, superior, and prior to any rights, liens, or security interests of any person or entity in and to the Property, including GS Holdings and Forest Lake, any of the Claimants, or any other individual or entity. Alterna applied for an entry of default with regard to its claims against GS Holdings and Roto-Rooter (Doc. 26), which the Clerk docketed on October 19, 2012. (Doc. 29). Alterna now seeks default judgment against GS Holdings and Roto-Rooter. (Doc. 43).

Motions for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted)). Thus, while liability may be shown by well-pleaded allegations, the Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *5 (E.D. Mich. Jun. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010) (citations omitted).

In this case, with regard to the default of GS Holdings, Plaintiff presents the affidavit of Albert Friedman, a manager with Alterna. Friedman testifies that the aggregate amount of indebtedness due and owing under the Note as of the date of the Complaint in this case is $2,908,250.00. (Doc. 43-1). Attached to Friedman's affidavit is an accounting evidencing GS Holdings' payment history on the mortgage indebtedness. Friedman's affidavit and accounting reflects that GS Holdings made partial interest-only payments in the total amount of $501,500 to Alterna, with the last payment occurring on or about September 8, 2011. (Doc. 43-1). Based on the accounting, GS Holdings continues to owe the principal sum of $2,300,000, plus an additional $608,250 in interest due through August 2012.

Based on the Court's independent review of the evidence presented, including the Note, Mortgage, Assignment, the affidavit of Friedman, Friedman's accounting, and other loan documents, the Court grants default judgment in favor of Alterna, and against GS Holdings, in the amount of $2,908,250.00, plus prejudgment and post judgment interest. With regard to Defendant Roto-Rooter, based upon its default, the Court will enter judgment forever barring Roto-Rooter from asserting any claim with regard to the subject property. Requests for costs and fees shall be submitted to the Court pursuant to the Civil Rules and Local Rules.

**IT IS SO ORDERED.**

Date: 2/25/13

*Timothy S. Black*
Timothy S. Black
United States District Judge