UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALTERNA MORTGAGE INCOME FUND, LLC, | Case No. 3:12-cv-252 |
| | Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| GS HOLDINGS-BROOKSIDE, LTD., *et al.*, | |
| Defendants. | |

**DECISION AND ENTRY GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (Doc. 57) AGAINST DEFENDANTS JGR
PROPERTIES AND FOREST LAKE CAMPGROUND AND RV CENTER**

This civil case is before the Court on the Motion of Plaintiff Alterna Mortgage Income Fund, LLC ("Alterna") seeking default judgment against Defendants JGR Properties, Inc. ("JGR") and Forest Lake Campground and R.V. Center, LLC ("Forest Lake"). (Doc. 57). Neither Forest Lake nor JGR filed a response and the time for doing so has expired. Accordingly, Alterna's Motion is ripe for decision.

This case involves a commercial loan made by Alterna Capital Funding, LLC ("Alterna Capital") to Defendants GS Holdings and Forest Lake to finance the purchase of certain real estate in Springfield, Ohio ("the Property"). On May 1, 2009, GS Holdings executed a promissory note ("Note"), payable to the order of Alterna Capital in the principal sum of $2.3 million dollars, together with interest at a fixed rate of fifteen percent per annum. (Doc. 1-3). Beginning June 8, 2009, through April 8, 2010, GS Holdings was to pay monthly interest only payments. (*Id.*) The principal balance of the

Note was due and payable May 8, 2010, *i.e.*, "the maturity date." (*Id.*) The Note provided that, in the event the principal balance and outstanding interest was not paid on the maturity date, the interest rate on outstanding sums due rose to eighteen percent per annum, *i.e.*, the "default rate." (*Id.*)

As security for GS Holdings' obligations under the Note, GS Holdings and Forest Lake executed a mortgage ("Mortgage") in favor of Alterna Capital. (Docs. 1-3, 1-4). As additional security, GS Holdings executed and assigned UCC-1 Financing Statements and other loan documents. (Doc. 1-3). On or about May 1, 2009, Alterna Capital assigned its right, title, and interest in and to the Note, Mortgage, Financing Statements, the Security Agreement, and other Loan Documents to Alterna (the "Assignment"). (Doc. 1-7). GS Holdings defaulted under the Note and the other Loan Documents.

Alterna filed a Complaint for Money Judgment, Foreclosure and Other Equitable Relief on July 27, 2012 seeking the following relief: (i) judgment against GS Holdings and Forest Lake on the outstanding indebtedness that is due and owing to Alterna, together with all accruing interest and reimbursement of Plaintiff's reasonable attorney's fees, expenses and other costs; (ii) an adjudication that Plaintiff has a valid, first priority mortgage lien and security interest in, to, and against the Property and other collateral securing payment of the outstanding indebtedness, a judicial foreclosure, and sale of the Property; (iii) assignment of and immediate control and possession of the Property's rents and profits; and (iv) replevin of the Collateral.

The docket in this case reflects that Forest Lake and JGR were served on May 10, 2013 (Docs. 51, 52), and therefore, pursuant to Fed. R. Civ. P. 12, they were to serve

responsive pleadings on or before May 31, 2012. The docket does not evidence service of a responsive pleading by either Forest Lake or JGR, and therefore, these Defendants are in default. Alterna moved for entry of default against Forest Lake and JGR on June 24, 2013. (Doc. 57). The Clerk docketed an Entry of Default on July 9, 2013. (Doc. 59).

Motions for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted)). Thus, while liability may be shown by well-pleaded allegations, the Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *5 (E.D. Mich. Jun. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010) (citations omitted).

Based on the Court's independent review of the facts admitted as true by virtue of Defendants' default, including the terms of the Note, Mortgage, Assignment, the affidavit of Albert Friedman, Friedman's accounting, and other loan documents, the Court grants default judgment in favor of Alterna, and against Forest Lake and JGR. The Court previously entered judgment in favor of Alterna and against GS Holdings on the Note in

the amount of $2,908,250.00, plus prejudgment and post judgment interest. (Doc. 47). Based on Forest Lake's default, the Court bars Forest Lake from asserting any claim in this case and foreclosing Forest Lakes rights to the subject property, specifically its equity of redemption in the subject property. With regard to Defendant JGR, based upon its default, the Court will enter judgment forever barring JGR from asserting any claim with regard to the subject property.

Requests for costs and fees shall be submitted to the Court pursuant to the Civil Rules and Local Rules.

**IT IS SO ORDERED.**

Date: 8/26/13

Timothy S. Black
United States District Judge

4